Daniel, Judge,
dissentiente: — This is not such an agreement, as a court of equity would have caused to have been specifically executed, previous to the passage of the act of 1819, requiring all contracts for the sale of lands to be in writing. The consideration not being of such a nature, as to induce the court to decree for the plaintiff. But the agreement being since the passage of the act, and being by parol, and the act relied on by the defendant, as to so much of the bill as seeks a conveyance; the plea must, of course, as to that be sustained. The bill then rests simply on a demand for damages, or compensation for work and labour done by the plaintiff, for the benefit of the defendant. I am of the opinion that a court of equity cannot aid the plaintiff on this part of his case. Courts of equity, (except in a few instance,) never decree damages or compensation singly, without other relief. And the granting compensation to purchasers is only a peculiar exception, incidental and ancillary to that jurisdiction, which the court possesses in giving relief, by enforcing a specific performance of contracts in matters of freehold. 2 Chitty’s Gen. Practice, 404. The cases of Denton v. Stew *386 art, 1 Cox, 258, and Rex v. Butterton, 6 Term, 554, have been cited as authorities in favour of the demand of the plaintiff. Denton v. Stewart has been impugned by other cases; and the rule is now established, that a bill cannot be sustained, having for its sole object an integral demand of compensation, unmixed with any circumstances showing that a plaintiff was driven to a court of equity for relief. Gwillim v. Stone, 3 Meriv. 237. Blow v. Sutton, 14 Ves. 128. Greneway v. Adams, 12 Ves. 309. In the case of Todd v. Gee, 17 Ves. 273, the Chancellor, (Lord Eldon,) declares his inclination to support the'course of previous authorities against that of Denton v. Stewart; observing that the power of a court of equity to give relief, in the shape of damages, is confined to cases where it has an opportunity of ordering compensation, out of the purchase money. In the case of Newham v. May, 13 Price, 749, coram, ■ Alexander; Lord Chief Baron, the bill was by a purchaser'of freehold ^houses, praying that the vendor might be decreed to refund and pay him a fair and reasonable compensation for the difference in the actual value of the property sold, and the stated value, as by reference to the rental, which, though in fact only eighty-nine pounds per annum, had been'represented by a broker, the defendant’s agent, to be one hundred and ten pounds; on the faith of that representation, the plaintiff had purchased at the sum of twelve hundred and twenty-five pounds. The Chief Baron, in giving his opinion, said, it is not in every case of fraud, that relief is to be administered in a court of equity. In the case, for instance,, of a fraudulent warranty on the sale of a horse, or any fraud upon the sale of a chattel, no one, I apprehend, ever thought of filing a bill in equity. The cases of compensation in equity, I consider to have grown out of the jurisdiction of the courts of equity, as exercised in respect of contracts for the purchase of real property, where it is often ancillary or incidentally necessary to effectuate decrees of specific performance. This, however, appears to me to be no more than a common case of fraud by means of misrepresentation, raising a dry question of damages — in effect, a mere money demand. Compensation will not be granted in equity for any loss *387 sustained by the bargain in consequence of the vendor not being able to perfect his title; the remedy, if any, being at law. 1 Mad. C. P. 440. 1 Chitty’s Gen. Prac. 868. If the plaintiff should be dispossessed of the land by the defendant, then, whether he can recover damages at law, either in a general action on the case, or on an implied assumpsit for work and labour done, will be determined when the case occurs. I think the plea must be sustained, and the bill dismissed-. If the plaintiff be dispossessed by the defendant, I think the law would raise an implied assumpsit for work and labour done on the land, for the benefit of the owner.
Pee CuRiam. Decree accordingly.